## 56102. LEGEND CARPETS v. STINSON.

SMITH, Judge.

We hold that the appellant garnishee's answer and payment of costs were timely to open default and that the trial court erred in concluding to the contrary, striking the answer, entering judgment against appellant, and overruling its motion to set aside the judgment.

Ga. L. 1976, pp. 1608, 1620 (Code Ann. § 46-508) provides, in part: "In case garnishee fails or refuses to file an answer by the 45th day after service of the summons, garnishee shall automatically become in default. *The default may be opened as a matter of right by the filing of an answer within 15 days of the day of default upon payment of costs.*" (Emphasis supplied.) Summons of

garnishment was served upon appellant on November 29, 1977, and its answer was due on January 13, 1978. As Ga. L. 1976, pp. 1608, 1615 (Code Ann. § 46-305) mandates, we utilize CPA § 6 (a) (Code Ann. § 81A-106 (a)) in computing the controlling time periods. Under Code Ann. §§ 46-508 and 81A-106 (a), supra, appellant's action in paying costs and filing its answer on January 30 was timely to open default, January 28 and 29 having been a Saturday and Sunday, respectively. It follows that the trial court erred in striking appellant's answer and entering judgment against it.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

ARGUED JUNE 28, 1978 — DECIDED JULY 14, 1978 — REHEARING DENIED JULY 31, 1978 —

*McDonald, McDonald & McDonald, E. Crawford McDonald,* for appellant.

*Mitchell, Mitchell, Coppedge, Boyett, Wester & Bates, Warren N. Coppedge, Jr.,* for appellee.